Michael E. **ROBERTS,**
Appellant (Defendant),

v.

The **STATE** of **Wyoming,**
Appellee (Plaintiff).

No. 85–82.

Supreme Court of Wyoming.

Dec. 31, 1985.

Leonard D. Munker, State Public Defender, and Martin J. McClain (argued), Appellate Counsel, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John R. Renneisen, and Mary B. Guthrie (argued), Senior Asst. Attys. Gen., for appellee.

Before THOMAS, C.J., ROONEY,[*] BROWN and CARDINE, JJ., and RAPER, J., Retired.

ROONEY, J., files a specially concurring opinion in which THOMAS, C.J., joins.

RAPER, J., Retired, files a specially concurring opinion.

ROONEY, Justice, specially concurring, with whom THOMAS, Chief Justice, joins.

I agree with the result reached by the majority opinion, 711 P.2d 1131. I disagree only with that said in the majority opinion with respect to finding error in Instruction No. 4.[1] I comment thereon only because of the possibility that the language used in the majority opinion may later be used to obtain an improper result in cases involving the issue as to whether or not an arrest was made and the issue relative to prosecution of one illegally arrested.

The problem arises over the use of the word "invalidate" or "valid" as applied to an arrest rather than as applied to a warrant. The majority opinion treats the word "invalidate" in the instruction pertaining to arrest as synonymous with "make illegal." I believe the trial court used the word with its meaning of to nullify, repeal or abolish. The court was pointing out that whether or not the arrest was legal or illegal, there *was* an arrest, and appellant could be prosecuted for the original offense with regard to the offense of resisting arrest. The arrest was not nullified or abolished. In fact, the first part of the majority opinion recognizes the fact of arrest and the propriety of such even when made under an invalid arrest warrant.

In *Rodarte v. City of Riverton*, Wyo., 552 P.2d 1245, 1250 (1976), we defined arrest as

" ' * * * the taking, seizing, or detaining of the person of another, (1) by touching or putting hands on him; (2) or by any act that indicates an intention to take him into custody and that subjects him to the actual control and will of the person making the arrest; or (3) by the consent of the person to be arrested.' " Quoting from 5 Am.Jur.2d Arrest § 1 (1962).

Appellant was arrested. Instruction No. 4 simply states that this fact did not change because appellant was not advised of the purpose of the arrest *before* the arrest was made.

Rule 4(c)(3), W.R.Cr.P., requiring the arresting officer to "inform the defendant of the offense charged and of the fact that a warrant has been issued" when the arresting officer "does not have the warrant in his possession at the time of the arrest," does not require the information to be given *prior* to arrest. The rule simply states the general law. In *Hinton v. Sims,* 171 Miss. 741, 158 So. 141, 143 (1934), the court referred to the statute which provided in part, " '[a]nd in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest,' " and said:

" * * * However, the failure to inform the Defendant of the purpose for the arrest does not invalidate the arrest."

\* Retired November 30, 1985.

1. The pertinent portion of Instruction No. 4 reads:

" * * * After the arrest is made it is time enough to inform the accused of the object and cause of the arrest. * * * "

In *State v. Taylor*, 70 Vt. 1, 39 A. 447, 449 (1898), the court recited the general law as early as 1898:

"It is frequently said in the text-books and in judicial discussions that an officer must show his warrant, or state the grounds of the arrest, if demanded. But an examination of the authorities will show conclusively that this is not a part of the arrest, but a duty which immediately follows it. Upon submitting to the officer, the arrested party is entitled to this information; but he cannot put off the arrest, and increase his chances of escape, by requiring an explanation in advance. In *Bellows v. Shannon*, 2 Hill, 86, where it is said that either before or at the moment of the arrest the officer ought to say enough to show the party that he is not dealing with a trespasser, but with a minister of justice, it is further remarked: 'I do not say that the officer is bound to disclose the particulars of his authority before he makes the arrest, or that it may not sometimes be proper to lay hands on the party before a word is spoken.' In *Com. v. Cooley*, 6 Gray, 350, where the respective duties of the officer and the arrested party are considered, it is said that the accused is required to submit to the arrest, to yield himself immediately and peaceably into the custody of the officer, and that the officer can have no opportunity to make the accused acquainted with the cause of his arrest until he has brought his prisoner into safe custody. Continuing, it is said: 'These are obviously successive steps. They cannot all occur at the same instant of time. The explanation must follow the arrest, and the exhibition and perusal of the warrant must come after the authority of the officer has been acknowledged.' * * * "

Of course, the problem exists only in connection with a charge of resisting arrest or, perhaps, under a civil action for false arrest.

"The fact that an original arrest may have been unlawful does not affect the jurisdiction of the court, nor is it a ground for quashing the information. And it does not preclude trial of the accused for the offense." 5 Am.Jur.2d Arrest § 116 (1962).

A defendant in a criminal case must stand trial even if the arrest leading to the prosecution violates the requirements of the Fourth Amendment. *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). See *United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).

I would not find Instruction No. 4 to be erroneous as does the majority opinion. I agree that any error therein would be harmless and, as I first noted, submit the foregoing only because the majority opinion did not limit itself to the existence of harmless error regardless of whether or not there was error in Instruction No. 4.

RAPER, Justice, Retired, specially concurring.

While I concur in the result and all of the discussion in the majority opinion except that with respect to Instruction No. 4, we need not find or even discuss harmless error. As I see it, a more simple manner of disposition can and should be undertaken.

The law is well settled in this state that this Court will not consider an appeal on alleged error with respect to an instruction unless a proper objection to such instruction is made. *Gore v. State*, Wyo., 627 P.2d 1384 (1981).

The transcript does not disclose an objection to the instruction, but the parties did stipulate that an objection to Instruction No. 4 was made. The stipulation goes on to state:

"2. Defendant's objection to state's Instruction Number 4 was that the Wyoming Rules of Criminal Procedure require that a police officer shall inform the defendant of the purpose of the arrest if he does not have the warrant in his possession."

As pointed out in Gore, instructions should be designed around the evidence in the particular case.

Instruction No. 4 was not artfully drawn, and I can agree that it does not properly state the law if it is to be used in a textbook sense. It was sufficient, however, for the purpose of this case to, in practical effect, tell the jury that, as a matter of law, it was no defense in this case, under the facts, that the arresting officer inform the person being arrested of the existence of the warrant and the offense charged when the evidence showed that the appellant had been so informed. I am not suggesting that the instruction be used as a pattern in future cases. As pointed out in the majority opinion, the arresting officer had "informed appellant of the existence of the warrant and of the violation upon which the warrant was based."

The appellant certainly did not present a proper alternate instruction to the court as required by *Gore v. State*, supra at 1389, wherein it is stated:

"* * * Thus, unless an instruction can be said to have plainly caused a fundamental prejudice to the defendant's legal rights, we will not overturn it on appeal unless it was objected to during the trial and a proper instruction was offered in its place."

I, therefore, would merely conclude that since no proper instruction was offered for use of the trial court, and no prejudice was shown, we will not consider the question.

I do not disagree with the law set out in Justice Rooney's specially concurring opinion, but cannot see its applicability to this case in that the appellant was informed of the outstanding warrant and charge. It is useful, however, in making it clear that such advice by the arresting officer need not be furnished at the moment of arrest.